[L. A. No. 272. Department One.—April 8, 1898.]

JAMES SMITH et al., Appellants, v. KANSAS STREET IMPROVEMENT COMPANY et al., Defendants. PERRY M. GREEN, Respondent.

PARTNERSHIP—CONTRIBUTION—LIABILITY OF RETIRING PARTNER.—In an action by members of a partnership who have paid off all of its obligations, and taken title in themselves to lands covered by contracts of purchase, which had greatly depreciated in value, to have such lands sold, and judgment rendered by way of contribution against other partners in respect of the deficiency, a previous partner who had retired by consent shortly after he had become a partner, can only be charged with his proportion of any loss shown to have occurred on contracts made previous to his withdrawal from the firm, and if there is no specific showing as against him as to what, if any, loss occurred upon the particular contracts then entered into, he cannot be charged with any liability for contribution, and a judgment in his favor will be affirmed.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

E. H. Lamme, and E. E. Millikin, for Appellants.

A. R. Metcalfe, and Anderson & Anderson, for Respondent.

GAROUTTE, J.—This *is* an action for contribution.   Certain parties joined themselves as partners to speculate in real estate, and contracted to purchase various tracts of land.   Thereafter one Green was admitted as a partner upon the payment of one thousand dollars.   Certain other contracts of purchase were thereupon entered into.   Three of these partners were selected as a committee or board to manage the business affairs of the partnership.   About ten days after Green entered the partnership he notified this committee that he desired to withdraw therefrom, and demanded a return of the one thousand dollars he had paid.   The committee thereupon paid him one thousand dollars, and he ceased to have anything further to do with the partnership affairs.   The remaining partners continued the business, and thereafter took into the firm additional members, and made further purchases of real estate.   Subsequently, for the purposes of convenience, these partners formed a corporation, and stock was issued to them in proportion to the amount of capital each had placed in the business.   All contracts for the purchase of' land were thereupon assigned to the corporation, and the corporation assumed and agreed to pay the obligations of said copartnership.   This corporation was the agent of the copartnership for the transaction of its business.   Thereafter the corporation became financially embarrassed, and by its authority certain of the partners paid off its obligations, amounting to about one hundred thousand dollars, upon a compromise basis, and took title in themselves in trust to the lands covered by these  contracts of purchase.   It is now asked that these lands be sold to satisfy such claims, and that upon the application of the proceeds thereof to such purposes a judgment be rendered against the defendants for the balance in the nature of a contribution.   The lands have

greatly depreciated in value.   Green is made a defendant.   Judgment was rendered against all the defendants other than Green, the court holding that as to him no liability existed.   From this portion of the judgment plaintiffs have appealed, and the appeal comes before this court upon the judgment-roll  without a bill of exceptions.   The foregoing facts appear from the findings.

No question is made by appellant as to the power of the managing trustees of the partnership to deal with Green.   Indeed, subsequent events indicate a ratification of their acts in this regard, if ratification were necessary.   Upon the facts presented we then have the partner Green selling out his interest in the partnership for one thousand dollars.   There were four contracts of purchase held at the time Green entered into the partnership.   Two were entered into while he was a partner.   Conceding his withdrawal from the firm still left him liable to the remaining partners for his *pro rata* of the debts by reason of the absence of an express agreement upon their part to release him from such debts, still, under any circumstances, he would be liable only for partnership debts owing at the time of his withdrawal.   These debts were the liabilities created upon the aforesaid six contracts of purchase. Whatever obligations were created under subsequent contracts of purchase were of no concern to him.   Upon these conditions the findings of fact are not sufficient to support a judgment against him.   There is no finding that the lands purchased prior to and during the time Green was a partner were bought at a loss, nor is the amount of any such loss stated.   Green can only be held for loss occurring under obligations upon which he was bound.   If the lands held by the partnership when he passed out of the firm were sufficient in value to meet these obligations at the time the plaintiffs took title to them and advanced the money, then there is no liability to which Green can be held.   In this respect Green stands in a different position from the other defendants.   They were liable for all partnership debts.   Green was only liable upon some.   As to them it was immaterial what particular contract or contracts of purchase caused the loss, but as to Green that was an all-important question.   The fact disclosed by the finding, that all these lands depreciated in value, is not the equivalent of a finding of fact that a loss followed the purchase of any

particular tract. It is found that neither the copartnership nor the corporation could raise one hundred thousand dollars to pay this indebtedness, but *non constat* the lands owned by the partnership when Green was a partner were sufficient in value to pay that portion of this one hundred thousand dollars of indebtedness for which he was liable. And certainly those lands must be first applied to the payment of that portion of the indebtedness. Upon all the findings of fact taken together we cannot say that any liability is fastened upon Green, and do not see that a judgment against him could be supported upon the facts.

For the foregoing reasons the judgment is affirmed.

Van Fleet, J., and Harrison, J., concurred.

Hearing in Bank denied.

Upon the denial of the petition for a hearing in Bank, the following opinion was filed on the 9th of May, 1898:

BEATTY, C. J.—I dissent from the order denying a rehearing in this case, not because I disapprove the judgment of affirmance, but because the ground upon which it is placed is not sustained by the record. The findings of the superior court make it clear that considerable losses accrued upon those contracts, as to which the Department opinion concedes that the respondent may have been liable for contribution, but I think the superior court correctly decided upon the facts found, that by his withdrawal from the partnership upon September 19, 1887, Green was released and discharged from all liability to the copartnership.